IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GULFPORT ENERGY CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>FREEPORT LODGE #415, FREE AND ACCEPTED MASONS OF OHIO,<br><br>    Defendant. | Case No. 2:14-cv-63<br>Judge Peter C. Economus<br>**MEMORANDUM OPINION AND ORDER** |

    Plaintiff Gulfport Energy Corporation filed this case seeking recovery of approximately $300,000 it alleges was mistakenly paid to Defendant Freeport Lodge #415, Free and Accepted Masons of Ohio, as a signing bonus for an oil and gas lease (the "Lease"). Plaintiff alleges that the Lease purports to cover about 165 acres of land located in Guernsey County, Ohio, but Plaintiff's due diligence uncovered the fact that Defendant does not own the mineral rights to most of those acres. However, due to an internal processing error, Plaintiff inadvertently sent a full bonus payment to Defendant, which cashed the check and refused to return the funds. (Compl. ¶¶ 7–31.) Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff filed suit in this Court seeking recovery of the mistaken payment. This matter is before the Court for consideration of Defendant's motion to dismiss under the doctrine of *forum non conveniens*. (Dkt. 13.) For the reasons that follow, Defendant's motion is **DENIED**.

    The Lease contains the following forum selection clause (the "Venue Clause"):

> The venue for all actions and proceedings arising from this Lease shall be in the county in which the real property is located.

(Dkt. 1-1 at 7.) The real property is located in Guernsey County, Ohio, in which no federal courthouse is physically located. (Compl. ¶ 7, Dkt. 1 at 3; Dkt. 1-1 at 1.) While the parties agree

that the Venue Clause is valid and mandatory (Dkt. 14 at 6; Dkt. 15 at 1–2), they disagree as to whether it requires this case to be heard in state court. Defendant argues that the Venue Clause mandates venue in a courthouse physically located in Guernsey County; therefore, this case must be heard in state court. (Dkt. 13 at 7.) Plaintiff counters that the Venue Clause does not satisfy "the Sixth Circuit's very strict standards for finding a waiver of the right to invoke diversity jurisdiction," and asserts that "[t]he Venue Clause simply restricts venue to courts that would be . . . proper for an action arising in Guernsey County, Ohio," including "the federal court that covers Guernsey County—*i.e.*, this Court." (Dkt. 14 at 3, 6.) Defendant responds that, to the extent that the Venue Clause is ambiguous, it must be construed against Plaintiff, as the successor in interest to the drafter of the contract. (Dkt. 15 at 4.)

As Plaintiff points out, the Sixth Circuit has not decided the precise issue of whether a forum selection clause setting venue in a county with no federal courthouse constitutes a waiver of federal diversity jurisdiction. However, the Sixth Circuit has held that the right to remove a case from state to federal court under 28 U.S.C. § 1441 can be waived only by a "clear and unequivocal" waiver provision. *Regis Associates v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). In *Regis*, the Sixth Circuit found that the following forum selection clause did *not* waive the right to remove to federal court:

> The interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts.

*Regis*, 894 F.2d at 194. In *Regis*, the contractual provision had been amended from a previous draft that provided for jurisdiction of English Courts, so it is possible that the parties' intent was focused on the distinction between courts located in England versus Michigan rather than the distinction between federal versus state courts. *Id.* However, cases decided by the Sixth Circuit

since *Regis* establish that the "clear and unequivocal" standard requires that the provision in question must specifically mention removal.

In *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009), the Sixth Circuit found that the following forum selection clause did *not* waive the right to remove to federal court:

> All disputes . . . shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court, depending on the amount in controversy.

*Cadle*, 307 F. App'x at 885. The Court held that "the forum selection clause at issue here neither mentions removal nor sets forth an explicit waiver of that right . . . Pursuant to *Regis*, we cannot reasonably interpret the clause as a clear and unequivocal waiver of [the] right to remove the case to federal court under § 1441. We therefore conclude that the district court properly denied [the] motion to remand the case to state court." *Id.* at 888.

In another case, *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 346–47 (6th Cir. 2008), the Court found that the following clause did not waive the right to remove:

> The Contractor . . . agrees to submit to the exclusive personal jurisdiction of, and not commence any action in other than, a competent State court in Michigan, regardless of residence or domicile, for any action or suit in law or equity arising out of or under the Contract Documents.

*EBI-Detroit*, 279 F. App'x at 346. The Court stated that "[t]he clause is irrelevant because it says nothing about the defendants' right to remove," and "[o]ur circuit has held that any waiver of the right to remove must be 'clear and unequivocal.'" *Id.* (quoting *Regis*, 894 F.2d at 195). The Court stated that "[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *Id.* at 347.

While this case has a difference procedural posture than the cases discussed above, the Court finds that they are analogous. Here, the Venue Clause is even less clear than the clauses contained in *Regis*, *Cadle*, and *EBI-Detroit*; and does not constitute a "clear and unequivocal" waiver of the right to invoke diversity jurisdiction. Therefore, the Venue Clause "cannot be a clear waiver of removal." *EBI-Detroit*, 279 F. App'x at 347. The Court **DENIES** Defendant's motion to dismiss. (Dkt. 13.)

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE